# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CLARENCE L. MILLER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 12-0378-CV-W-BCW-P |
| LARRY DENNEY, | ) |
| Respondent. | ) |

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Clarence L. Miller, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 23, 2012, seeking to challenge his 2008 convictions and sentences for driving while intoxicated and driving with a revoked operating license, which were entered in the Circuit Court of Lafayette County, Missouri.

The petition raises three grounds for relief: (1) that the trial court erred in "overruling petitioner's motion for judgment of acquittal at the close of all the evidence;" (2) that the trial court "plainly erred in finding petitioner to be a repeat driving while revoked offender;" and (3) that the state court erred in denying petitioner's Rule 29.15 motion, in which he alleged that trial counsel was ineffective for failing to file a motion to suppress "evidence seized as the result of a stop effected without reasonable suspicion." Respondent contends that all grounds are without merit.

### SUMMARY OF THE FACTS

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> Corporal Josh Coen of the Lexington Police Department was notified of a disturbance at 322 S. 17th Street and informed that a white Oldsmobile Cutlass had just left the residence. He stopped a car matching the given description in the area of the disturbance and

spoke with the driver, [petitioner]. [Petitioner's] breath smelled of intoxicants. His eyes were watery and bloodshot, and his speech was slurred.

Corporal Coen asked [petitioner] to perform field sobriety tests. He administered the gaze nystagmus (HNG), walk and turn, and one-legged stand tests. [Petitioner] showed nystagmus at all six points. When completing the walk and turn test, [petitioner] began before the instructions were finished. He swayed while walking, used his arms for balance, and did not put his heel to his toe as instructed. [Petitioner] also failed the one-legged stand test by using his arms to balance, putting his foot down three or more times, and swaying. He denied drinking any alcohol.

Corporal Coen believed that [petitioner] was intoxicated and arrested him for that offense. The vehicle was not registered to [petitioner]. His driving privileges were revoked in 1999 and had not been reinstated.

Corporal Coen took [petitioner] to the sheriff's department, read his implied consent warnings, and asked him to submit to a breath test. The breathalyzer machine was working properly both prior to and after [petitioner's] test. Corporal Coen instructed petitioner to take a deep breath and blow steadily for twelve seconds. [Petitioner] began blowing, stopped blowing, began blowing again, and stopped again. Before [petitioner] finally quit blowing, Corporal Coen was able to see the breathalyzer machine readout. The first result was 0.187 and the second was 0.173. After [petitioner] stopped blowing the last time, Corporal Coen pushed an override button to stop the test. The machine registered 0.134 at that point; Corporal Coen obtained a printed report with that number on it. [Petitioner] did not, on any one of these tests, blow long enough to complete the test. Corporal Coen asked [petitioner] to give another breath sample, blowing long enough for the test to be complete. [Petitioner] refused.

The State charged [petitioner] as a prior and persistent chronic offender with driving while intoxicated, section 577.010, driving while revoked, section 302.321, and possession of drug paraphernalia, section 195.233, RSMo 2000. Prior to trial, the State presented evidence of [petitioner's] prior convictions. These included four driving while intoxicated convictions, a conviction of burglary, a conviction for deviate sexual assault, and a conviction for felony failure to pay child support. The trial court found that [petitioner] was an aggravated and chronic offender and a prior and

>persistent felony offender. The trial court further found that [petitioner] was a prior and persistent driving-while-revoked offender and prior and persistent felony offender.
>
>The cause went to trial by jury. The State presented the above evidence. After the State rested its case, [petitioner] moved for judgment of acquittal. The judgment of acquittal was granted as to a charge of possession of drug paraphernalia. [Petitioner] did not present any evidence. The jury found him guilty of driving while intoxicated and driving while revoked. The court sentenced [petitioner] to twenty years imprisonment for driving while intoxicated, and a five-year sentence for driving while revoked, consecutive to the first sentence.

(Respondent's Exhibit E, pp. 1-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In ground 1, petitioner contends that the trial court erred in "overruling petitioner's motion for judgment of acquittal at the close of all the evidence because the evidence was insufficient to

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

establish beyond a reasonable doubt that he operated a motor vehicle while in an intoxicated condition [and] because the observations of the officer were insufficient to establish that he was in an impaired condition." Review of this claim is extremely deferential to the state courts. Constitutionally sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

On direct appeal, the Missouri Court of Appeals disposed of this claim as follows:

> [Petitioner] claims the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence and in entering judgment on the verdict of guilty of driving while intoxicated. [Petitioner] claims his right to due process of law was violated because the evidence was insufficient to establish beyond a reasonable doubt that he operated a motor vehicle while in an intoxicated condition. [Petitioner] stated that the police officer's observations were insufficient to establish that he was in an impaired condition because he did not commit any driving violations and he was able to walk, turn, and speak with only slight difficulty.
>
> "We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the charged offense." *State v. Edwards*, 280 S.W.3d 184, 189 (Mo. App. 2009). "When reviewing the sufficiency of the evidence, we review all evidence and inferences reasonably draw[n] from the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences." *Id.* "The trier of fact determines the credibility of the witnesses, and may believe all, some or none of the testimony of a witness." *Id.* "The function of the reviewing court is not to reweigh the evidence, but only to determine if the [judgment] is supported by sufficient evidence." *Id.*
>
> Section 577.010 states that "[a] person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. [Petitioner] was (1) operating a motor vehicle, (2) while intoxicated. *Edwards*, 280 S.W.3d at 189. [Petitioner's] point relied on pertains to the second element– whether he was intoxicated.

"[A] person is in an 'intoxicated condition' when he is under the influence of alcohol, a controlled substance, or drug, or any combination, thereof." Section 577.010.3, RSMo cum. supp. 2005. "Under the influence of alcohol" has been defined as "any intoxication that in any manner impairs the ability of a person to operate an automobile." *Edwards*, 280 S.W.3d at 189. "Intoxication" is a physical condition "usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes." *Id.*

"Intoxication may be proven by any witness who had a reasonable opportunity to observe [a defendant's] physical condition." *Id.* "Furthermore, the State is not required to admit evidence of the results of a chemical test to prove a defendant's intoxication." *Id.* "It is the fact, not the degree, of intoxication that is the significant issue to consider." *Id.*; *see also State v. Royal*, 277 S.W.3d 837, 840 (Mo. App. 2009) ("Refusal to take a breathalyzer test is also evidence from which a reasonable inference can be drawn that the driver is intoxicated.").

"Evidence on guilt beyond a reasonable doubt can be established by circumstantial evidence alone." State v. Mitchell, 203 S.W.3d 246, 250 n.3 (Mo. App. 2006). "[C]ircumstantial evidence is given the same weight as direct evidence and the [fact finder] is free to make reasonable inferences from the evidence presented." *Id.*

Contrary to [petitioner's] assertions, the finding that he was intoxicated is supported by sufficient evidence. Corporal Josh Coen testified that [petitioner's] breath smelled of intoxicants, his eyes were watery and bloodshot, and his speech was slurred. Known indicia of intoxication include the smell of a moderate odor of alcohol, slurred speech, and bloodshot and watery eyes. *See Edwards*, 280 S.W.3d at 189. [Petitioner] failed three sobriety tests. On the HGN test, [petitioner] showed nystagmus at all six points. "[T]he HGN test has achieved general acceptance in the behavioral science community;" "when properly administered by adequately trained personnel, the HGN test is admissible as evidence of intoxication." *Id.* When completing the walk-and-turn test, [petitioner] began before the instructions were finished. He swayed while walking, used his arms for balance, and did not put his heel to his toe as instructed. On the one-legged stand test, [petitioner] failed by using his arms to balance, putting his foot down three or more times, and swaying.

-5-

> Corporal Coen testified that he believed [petitioner] was intoxicated and, accordingly, arrested him for driving while intoxicated. *See State v. Adams*, 163 S.W.3d 35, 37 (Mo. App. 2005) (noting that "where there is no chemical analysis of the driver's [blood alcohol content], the State may meet its burden of proof solely through the testimony of a witness that had a reasonable opportunity to observe the alleged offender"). [Petitioner's] actions could reasonably have been interpreted by the jury as attempts to hide his intoxication. He failed to give a complete breath sample for the breathalyzer. [Petitioner] also claimed he had not had anything to drink. This is sufficient evidence. *See, e.g.*, *Edwards*, 280 S.W.3d at 190 (the evidence was sufficient to support the defendant's conviction for driving while intoxicated when the defendant failed the HGN test, had bloodshot and watery eyes, had a moderate smell of alcohol coming from his breath, refused to perform additional field sobriety tests or to submit to a breathalyzer test, and the arresting officer testified that it was his opinion the defendant was intoxicated).
>
> [Petitioner] essentially argues that his conviction was improper because there was no evidence that his intoxication impaired his driving. He notes that Corporal Coen did not observe any traffic violations and stopped him because of a reported disturbance and not because of impaired driving. As set forth, *supra*, the State only needed to prove that [petitioner] was (1) operating a motor vehicle, (2) while intoxicated. *Id.* at 189. This is consistent with section 577.010. [Petitioner] fails to persuasively argue that the State also needed to have proved that his driving was impaired because of his intoxication.
>
> [Petitioner] also emphasizes the fact that he denied drinking and driving. The jury could have disbelieved him. This court does not determine witness credibility. *See State v. Ball*, 113 S.W.3d 677, 679-80 (Mo. App. 2003). [Petitioner] further argues that he failed the walk and turn test in part because he began before the instructions were finished and this was due to inattention as opposed to intoxication. Again, the jury could have disbelieved him. Even if that field sobriety test is disregarded, [petitioner] still failed others, and this is sufficient evidence. *See id.* (the fact that defendant passed some field sobriety tests and offered an explanation for failure of others is not dispositive).
>
> The point is denied.

(Respondent's Exhibit E, pp. 3-6).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

Ground 1 is denied.

## GROUND 2

In ground 2, petitioner contends that the trial court "plainly erred in finding petitioner to be a repeat driving while revoke offender."

On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> [Petitioner] claims the trial court plainly erred in finding him to be a repeat driving-while-revoked offender and sentencing him to five years in prison. He claims his right to due process of law was violated because driving while revoked is a misdemeanor offense unless the defendant has twice previously been convicted of the same offense. [Petitioner] states that such proof of prior convictions is absent in this case and a miscarriage of justice will result if his sentence is not corrected.
>
> [Petitioner] admits that he failed to properly preserve this claim of error and requests plain error review under Rule 30.20. Rule 30.20

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-7-

provides in pertinent part: "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." "Under this rule, plain error review involves a two-step process." *State v. Martin*, 103 S.W.3d 255, 262 (Mo. App. 2003). "First, the appellate court must determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Id.* "In other words, the appellate court must determine, 'whether, on the face of the claim, plain error has, in fact occurred." *Id.* "Plain error is error that is evident, obvious and clear." *Id.* "Second, if the error is obvious, then, at the court's discretion, it may consider whether a miscarriage of justice or manifest injustice will occur if the error is left uncorrected." *Id.* "Where it appears that a defendant has been properly sentenced as a prior or persistent offender, plain error review is appropriate." *State v. Stephens*, 88 S.W.3d 876, 885 (Mo. App. 2002); *see also State v. Prell*, 35 S.W.3d 447, 450 (Mo. App. 2000) ("A defendant cannot by waiver confer jurisdiction on the court to impose a sentence not authorized by law. A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court.").

We will determine whether this claim facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred.

Section 302.321 states in its entirety:

> 1. A person commits the crime of driving while revoked if such person operates a motor vehicle on a highway when such person's license or driving privilege has been canceled, suspended, or revoked under the laws of this state or any other state and acts with criminal negligence with respect to knowledge of the fact that such person's driving privilege has been canceled, suspended, or revoked.
>
> 2. Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or

-8-

> waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense; and *any person with a prior alcohol-related enforcement contact* as defined in section 302.525, *convicted a third or subsequent time of driving while revoked* or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses *is guilty of a class D felony*. No court shall suspend the imposition of a sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until such person has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

(Emphasis added.) [Petitioner] relies on the emphasized language and argues that this criterion was not met. He claims that the trial court improperly enhanced his sentence based upon his prior convictions for driving while intoxicated because they were not convictions for driving while revoked.

[Petitioner] ignores the last sentence of section 302.321.2, which states:

> *Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo*, or a fourth or subsequent conviction for any other offense.

-9-

> (Emphasis added.) Section 577.010 is the driving while intoxicated statute. The State presented evidence that [petitioner] had been convicted for driving while intoxicated two times previously; this enhancement criterion was met. We find no reason to believe there was error, plain or otherwise.
>
> The point is denied.

(Respondent's Exhibit E, pp. 7-9).

The resolution of ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams, 529 U.S. at 412.

Ground 2 is denied.

## GROUND 3

In ground 3, petitioner contends that the state court erred in denying petitioner's Rule 29.15 motion, in which he alleged that trial counsel was ineffective for failing to file a motion to suppress "evidence seized as a result of a stop effected without reasonable suspicion." In order to succeed on a claim of ineffective assistance of counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a
-10-

reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of his Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

> In his sole point on appeal, [petitioner] claims that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing. He asserts he pleaded facts, not conclusions, establishing that he received ineffective assistance of counsel when trial counsel failed to file a motion to suppress evidence based on a Terry stop effected without reasonable suspicion.
>
> Appellate review of the denial of a postconviction motion is limited to determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Morrow*, 21 S.W.3d at 822.
>
> An evidentiary hearing shall not be held if "the motion and files and records of the case conclusively show that the movant is entitled to no relief." Rule 29.15(h). A trial court will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. *Morrow*, 21 S.W.3d at 822. An evidentiary hearing is required only if (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and records in the case; and (3) the matters complained of resulted in prejudice. *Id.*
>
> To obtain an evidentiary hearing for claims related to ineffective assistance of counsel, a movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was prejudiced thereby. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice,

Case 4:12-cv-00378-BCW   Document 12   Filed 08/16/12   Page 11 of 15

the facts alleged must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Morrow*, 21 S.W.3d at 822.

Under the United States Supreme Court case, *Terry v. Ohio*, 392 U.S. 1 (1968), an officer may conduct a brief investigative stop when the officer has a reasonable suspicion based on specific and articulable facts that illegal activity has occurred or is occurring. *State v. Waldrup*, 331 S.W.3d 668, 672 (Mo. banc 2011). "The existence of 'reasonable suspicion' is determined objectively by asking 'whether the facts available to the officer at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate.'" *Id.* at 273 (quoting *State v. Pike*, 162 S.W.3d 464, 473 (Mo. banc 2005)). "While this standard does not rise to the traditionally required probably cause, a proper Terry stop must be supported by some minimal level of objective justification." *Id.* (internal quotations and citation omitted). "Police officers are entitled to rely on information from official channels, like fellow officers, police memoranda, and shift meeting directives, provided that the source of the information was itself based on probably cause or reasonable suspicion." *State v. Johnson*, 316 S.W.3d 390, 397 (Mo. App. W.D. 2010).

To be entitled to an evidentiary hearing on whether counsel was ineffective for failing to file a motion to suppress, a movant must allege facts, not conclusions, specifying the grounds on which the motion to suppress would have been successful. *Eddy v. State*, 176 S.W.3d 214, 218 (Mo. App. W.D. 2005). In this case, [petitioner] had to allege facts in his motion that demonstrated the illegality of the Terry stop. *See id.* (where movant claimed in postconviction motion that trial counsel was ineffective in failing to file a motion to suppress, movant was required to allege facts demonstrating that the police lacked probable cause to search his person and car); *Tollison v. State*, 556 S.W.2d 455, 458 (Mo. App. 1977) (to plead ineffective assistance of counsel for failure to file a motion to suppress, movant must plead lack of probable cause by factual allegations).

In his motion for postconviction relief, [petitioner] alleged that the arresting officer was notified regarding a disturbance at a residence and a car with a description matching his car leaving the residence. He argued that the "tip" to police about the unspecified disturbance and the driver of the car did not provide reliable information that the driver was involved in criminal activity and that the officer did not otherwise observe anything to corroborate such. Thus, according to

[petitioner], the arresting officer did not have a reasonable suspicion that he was involved in criminal activity to justify the stop. [Petitioner] cited to the trial transcript as support for the fact that the officer was notified about the disturbance and the car. He also stated that he would present the trial transcript, his own transcript, and the testimony of his trial counsel to prove these facts. n.1

> n.1 [Petitioner] also stated in this motion that he would present "documents, pleadings, police reports, and exhibits" to prove his claim. He has not, however, provided these documents in his record on appeal thereby violating his duty under Rule 81.12 to prepare and file a complete record on appeal. *Walters v. State*, 306 S.W.3d 208, 210 (Mo. App. W.D. 2010); *Barringer v. State*, 35 S.W.3d 493, 497 n.2 (Mo. App. S.D. 2000).

[Petitioner's] claim that the stop was illegal effectively relied on the absence of additional evidence regarding the stop in the trial transcript. However, because [petitioner] never filed a motion to suppress at trial, the state was not obligated to prove the validity of the Terry stop at trial. *See State v. Galazin*, 58 S.W.3d 500, 504-505 (Mo. banc 2001) (In a DWI case, the lawfulness of the defendant's arrest is not an element of the offense but instead a collateral issue that does not bear upon guilt or punishment. Until a motion to suppress is filed, the stated is not obligated to prove the validity of the arrest). *State v. Conn*, 950 S.W.2d 535, 537 (Mo. App. E.D. 1997) (absent a motion to suppress, there is no error in admitting the defendant's statements without showing that *Miranda* is satisfied). Had a motion to suppress been filed before trial, the State would have been obligated to prove the legality of the stop by presenting more specific evidence regarding the dispatch and what the arresting officer knew or observed. As it was, the only evidence presented regarding the reason for the stop was that Corporal Coen was notified that there was a disturbance at a residence and a car had just left there. The absence of additional facts at trial cannot be used to prove [petitioner's] claim because such evidence was not required to be presented.

Additionally, no evidence was presented that this was the only information known by Corporal Coen before he stopped [petitioner's] car, and [petitioner] did not make such allegation. Even if he had, he did not cite any evidence that would have proven this was the only information known by the officer. The trial transcript would not

-13-

prove this. Corporal Coen did not testify that the only information he received was about a disturbance and a car. He was not asked whether he received additional information or, if he did, what the information was. And he was not asked if he knew or observed anything else before he stopped [petitioner's] car. [Petitioner] did not allege that Corporal Coen or any other police officer would testify at the evidentiary hearing regarding what the police officers knew before the stop. Certainly, neither [petitioner] nor his trial counsel would be competent to testify concerning what the police officer's knew. Finally, nothing in the transcript showed that the police received a "tip" as alleged by [petitioner], and [petitioner] did not cite evidence or anticipated testimony that would have proven that fact.

[Petitioner] failed to show that Corporal Coen did not have reasonable suspicion that [petitioner] was involved in illegal activity. Because [petitioner] failed to allege facts showing that a motion to suppress would have been successful, the motion court did not clearly err in denying his postconviction relief motion without an evidentiary hearing. The point is denied.

(Respondent's Exhibit I, pp. 3-7).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000). Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 3 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this

-14-

standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

    /s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: August 16, 2012.